Tompkins, J.,
delivered the opinion of the Court.
This was an action of debt on an administration bond, made by Henry Hight, administrator of James Rein,decM, and said Pitman as his security, to Uriah .1. Devore, Clerk of the Court of Common Pleas of St. Charles county, commenced by said Devore (suing for the use of N. Simonds) against said Pitman.
The judgment of the Circuit Court was for Devore, and Pitman appeals to this Court to reverse it.
The declaration commences thus : Uriah J. Devore, formerly Clerk, &c., who sues to the use of N. Simonds, as guardian of Susannah Rein, William Rein, and *131 James Rein, late of the county of St. Charles, dec’d, by his attorney complains of said Pitman, that he the said Irvine S. render unto, &c.
The declaration then sets out the date of the bond, which is the 11th of October, 1813, and the condition of the bond according to the statute of that day.
The breaches assigned are-:
Eirst. That Hight did not render an account of his administration according to the condition of this bond.
Second. That at the October term of the County Court for St. Charles county, in he year 1815. there was found'in the hands of Hight on the settlement of his accounts, the sum. of $616 12 due to the said estate, and that the Court gave him leave to retain the same as administrator, paying interest thereon for one year, and that at the end of the year he did not account for it.
Third. This is the same as the second, except that it charges that Hight did not well and truly administer, &c.; but converted and disposed of the money to his own use.
Fourth and Fifth. That goods, &c., to the value of $2000 came to the hands of Hight and others for him, and that he wasted them, &e.
Sixth. That Simonds had, as guardian, incurred costs and charges in bringing Hight to settlement, but that he had made neither annual nor final settlements.
Seventh. That at the August term of the County Court for the year 1825, held in the county of St. Charles, that Court, on a settlement of Eight’s accounts, found in his hands, belonging to said estate, the sum of $1,222 50, and ordered him to pay it over to said Simonds, guardian as aforesaid, and that Hight did not pay it.
On the first trial of this cause in the Circuit Court, the plaintiff had judgment for the penalty of the bond $2,000, and his damages were assessed to one cent on the first breach. To the other breaches the defendant pleaded specially, and the plaintiff demurred to his pleas, and the Court overruled the demurrers. The cause was then brought into this Court by appeal, and the judgment for the defendant being reversed, it was remanded. On its return into the Circuit Court, the defendant pleaded to the second and third breaches, that during the year he was permitted to retain the money, Hight became insolvent and unable to pay. Demurrers being sustained to these pleas, he filed other pleas, which also were demurred to, and the demurrers were sustained.
To the fourth, fifth, sixth and seventh breaches, he pleaded that Hight had neither at the commencement of this suit, nor at any time since, any goods and chattels of said estate to be administered, &c.
The defendant also demurred specially to the sixth breach, because it set out two causes of action, viz : a failure to make final, and a failure to make annual settlements.
He pleaded also to the seventh breach, that the sum of $1,222 50, alledged to have been found in Right’s hands, was the amount of the said sum of $616 12 in the second and third breaches mentioned and interest thereon, and averred that during the year that Hight was permitted to retain the same, he became insolvent. To each of these pleas the plaintiff demurred, and then joined in the demurrer of the defendant to the sixth breach, and he had judgment on all the demurrers.
The defendant then withdrew his pleas to the fourth and fifth breaches, and filed other pleas, on which issue was taken. He then filed several other pleas, at different times, to the seventh breach, which it, will not be material to notice here, and to *132 which demurrers were sustained. The plaintiff took a non-suit on the fifth breach, and issues joined on the fourth and seventh breaches being found for him, damages were assessed on them as well as on the others to which the defendant had pleaded, and the pleas were decided on demurrer to be insufficient.
The errors assigned, and which it is material here to notice, are :
First. That the Court erred in sustaining the demurrers to the pleas filed at the March term of the year 1S29, and which have been before set out.
Second. That the Court erred in overruling the defendant’s demurrer to the sixth breach.
Third. That the Court erred in giving judgment for the plaintiff, appellee here.
First. The demurrer to the joint plea of the defendant to the fourth, fifth, sixth and seventh breaches, ought to have been sustained. The plea to the second and third breaches, and the separate plea to the seventh breach, it will be recollected, stated that the money in those breaches mentioned, had been loaned by the County Court to Hight for one year, and that during that year he had become insolvent and unable to pay. By an act of the Territorial Legislature, approved 21st January, 1815, (see section 60, p. 150, of the pamphlet edition,) “ executors, administrators, &c., may, by leave of the Court, retain in their possession the money of minors, paying lawful interest therefor.” This law took effect more than one year after the execution of the bond, and it is not contended that by any law in force at the time of the execution of the bond, the administrator could have retained the money on interest. It seems just, then, that his security should be allowed to proved that the money sought to be recovered of him was wasted by his principal during the year for which the Court had loaned it to him; for had Pitman known that Hight would be indulged in using the money of the estate, he might not have been willing to become his surety. For it is one thing to be the surety of a mere trustee, and another to be the surety of a trader or speculator. But it is contended that after the demurrers were sustained to these pleas, one issuable plea was filed to the seventh breach, and some (which it will be admitted were not good) were filed to the breaches, to which the plaintiff demurred and had judgment on his demurrer; and that these pleas first filed must be considered as withdrawn. We do not consider that it is material whether the pleas wore filed at the same time or even at the same term. It is enough for the defendant that the Court allowed him to plead. Had he filed all his pleas at the same time, and had judgment on any one of them, that judgment would have been a bar to so much of the action as it defended against, and the circumstance of the pleas being filed at different times, and even after a judgment on a demurrer to a former plea makes no difference. Had the Court abused its discretion in permitting the defendant to amend, the plaintiff might have made his objections there, but not having done so, and the Circuit Court having permitted him to plead without withdrawing his former pleas, it cannot now be objected to. The Circuit Court then, we think, erred in sustaining the demurrer to the pleas to the second, third, and seventh breaches.
Second. Error when this cause was before in Court the sixth breach was decided to be well assigned here; and we see now no reason to change that opinion, and think there is no error here.
Third. That the judgment was for the appellee.
At common law, if an infant sues or defends by his guardian, the guardian must have a warrant, and must be admitted by the Court; and if the infant sues by guar *133 dian or prochein amj, without saying in the declaration “ by the Court here specially admitted,” it is error: see 2 Saunders, p. 117, note 1.
The act concerning minors, orphans and guardians, approved 8th Eebruary, 1825, section 5th, provides that all guardians, duly appointed, shall he allowed and received without further admittance to prosecute and defend for their wards as occasion ma.f require.
The act of 21st January, 1815, has a similar provision, couched in the same words, to which is added this further provision: “ and if any person who is a minor, who lias a right to sue shall wish to sue, it shall he lawful for such person to sue by his next friend, where none has been appointed, without any formality other than the next friend acknowledging the same in open Court after the action is commenced, and the minor agreeing to the same in open Court, if above the age of fourteen, and if under that age the Court to allow such person to continue as guardian or next friend.”
We do not think the Legislature ever intended by either of these provisions to make any change in the mode of suing, or in the character of the plaintiff 5 but only to enable the guardian to come in with Igss trouble.to prosecute for the minor. The minor is the owner of his property, and he sues for any injury done to it by his next friend- or guardian.
The 8th section of the acts establishing Courts of Common -Pleas and for other purposes, approved 20th August, 1813, requires that • “ bonds heretofore required by any law of this Territory, to be taken in the name of the Judge of Probate, shall, as well in vacation as in term time, be taken in the name of the said Clerks of the Courts of Common Pleas respectively, and 'the bonds so given may be put in suit and prosecuted from time to time, by and at the cost of any party injured by a breach thereof, until the whole penalty‘be recovered thereupon.” Different provisions at different times have been since made as to the person to whom bonds are to be made, and the same provisions have been made as to the right of persons injured to put such bonds in suit. The question here is, who is the party injured, Simonds or his wards ? It is our opinion that Simonds is only injured in having to pay costs. And having put the bond in suit for his own use, he was entitled to recover only on the sixth breafch the costs he had paid. To recover the, portion of his wards, he ought to have put the bond in suit for their use; for the ward is the real plaintiff, and the person who would sue, were it necessary to institute an action for an injury to the real or personal property of such ward, and the guardian is no more than the counsel assigned by operation of the law to conduct that suit.
The interposition of Devore, as Clerk of the Court of Common Pleas, makes no change in the character of the wards; they are the persons injured by the withholding of their portion, and the suit ought to have’been instituted for their use, to enable the Court to give judgment for such portions. It appeared in the testimony saved, that the Circuit Court received in evidence,- on the second, third, fourth arid seventh breaches, a record of the County Court of St. Charles county, to enable the jury to assess damages on those breaches, and that the defendant excepted to the decisión of the Court, under which that evidence was admitted. In this we are of opinion that the Circuit Court erred, since in our opinion he was not entitled to recover on those breaches.
Eor these errors the judgment of the Circuit Court is reversed and the cause remanded for further prqceedings in conformity With this opinion.